**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America,<br><br>Plaintiff<br><br>v.<br><br>Joseph Poblete,<br><br>Defendant | Case No.: 2:11-cr-0189-JAD-VCF<br><br>**Order Denying<br>Motion for Early Termination<br>of Supervised Release**<br><br>[ECF Nos. 99, 100] |

Joseph Poblete was sentenced to 41 months in prison followed by 3 years of supervised release for a 2013 felon-in-possession-of-a-firearm conviction.[1] Though he was released from federal custody and began serving his supervised-release term in September 2015, Poblete has been in state custody for more than two years and is now serving a 48–120-month sentence in the Nevada Department of Corrections for drug trafficking.[2] From his state prison cell, Poblete moves this court to grant him an early release from the remainder of his supervision term because he was fully compliant with his conditions and caused no problems.[3] Pointing out the obvious—that Poblete's drug trafficking was a serious violation of those conditions—the government opposes Poblete's request.[4] Because Poblete's new conviction prevents him from being able to show that an early release is warranted, I deny his motion.

**Discussion**

"After considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release" after the expiration of the first year of

---

[1] ECF No. 82 (judgment).
[2] ECF No. 100.
[3] *Id*.
[4] ECF No. 101.

supervised release if the court "'is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'"[5] Those § 3553(a) factors are the nature and circumstances of the offense; the defendant's history and characteristics; the need to deter criminal conduct, protect the public from the defendant's further crimes, and give the defendant needed resources that the probation office can provide; the sentence and sentencing range; and the need to avoid unwarranted sentencing disparities.[6] "It is the defendant's burden to establish that he is entitled to the rarely granted remedy of early termination of supervised release."[7] "This is usually accomplished by alerting the district court to 'unforeseen' or 'changed circumstances' that implicate [the] initial sentencing decision and analysis."[8]

Quite simply, Poblete's mid-supervision drug-trafficking conviction makes it impossible for him to carry his burden to show that early termination is warranted. Though he may have been compliant with his conditions during the first couple of years of supervision, that was expected of him. As the Ninth Circuit Court of Appeals explained in *United States v. Misraje*, "[i]t is a supervisee's obligation to strictly comply with the terms of supervised release,"[9] so compliance—even perfect compliance—does not justify a reduction in a supervised-release term. But Poblete's compliance ended before his supervision term did when he picked up a new conviction for drug trafficking and was sent to state prison. This conduct violated his conditions to refrain from committing new crimes and possessing illegal controlled substances.[10] More

---

[5] *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (quoting 18 U.S.C. § 3583(e)(1)).
[6] 18 U.S.C. §§ 3553(a), 3583(e)(1).
[7] *Emmett*, 749 F.3d at 824 (Nguyen, J., dissenting).
[8] *Id*. (quoting *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000)).
[9] *United States v. Misraje*, 888 F.3d 1113, 1116 (9th Cir. 2018).
[10] *See* ECF No. 82 at 3.

importantly for purposes of this motion, it causes the § 3553(a) factors—particularly the defendant's history and characteristics, and the need to deter criminal conduct and protect the public from the defendant's further crimes—to tip sharply against early termination. The court thus cannot conclude that the § 3553(a) factors or interests of justice support an early termination of Poblete's supervision.

## Conclusion

IT IS THEREFORE ORDERED that Poblete's Motion for Early Termination of His Supervised Release Term **[ECF No. 100] is DENIED.** And because Poblete is not entitled to, and has not demonstrated a basis for this court to appoint, counsel for purposes of seeking an early termination of supervised release, IT IS FURTHER ORDERED that his application to proceed *in forma pauperis*,[11] which I liberally construe as a motion for appointment of counsel, **[ECF No. 99] is DENIED.**

Dated: August 5, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[11] The IFP application form that Poblete submitted is for civil-rights lawsuits and habeas actions.